UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARGARET L. WELCH  )  | |
|    PLAINTIFF,  ) | |
| )  | Case No.: 2:23 CV 00011-HEA |
| Vs.  ) | |
| )  | |
| KILOLO KIJAKAZI,  ) | |
|   Commissioner of Social Security,  ) | |
|    DEFENDANT,  ) | |

## PLAINTIFF'S SOCIAL SECURITY REPLY BRIEF

Comes now Plaintiff, by and through her attorney of record, Vick A. Dempsey, and for her Reply Brief, states to the Court as follows:

Defendant repeats the same error as the ALJ when she states that Dr. Kerkemeyer's opinion is "generally inconsistent with the treatment records." (Defendant's brief at page 9) This Court has held that this conclusion must have a citation to something in the record to explain the perceived inconsistency. Bibb v. Kijakazi, Case No. 2:21-CV-00070-ACL, slip op at page 13 (E.D.Mo. March 30, 2023) Defendant cites to the ALJ's decision at TR 23. If one looks at that page, the ALJ cites to nothing in the record that substantiates that Plaintiff's diabetic blood sugar issues were resolved with her insulin pump. Defendant cites to three additional pages in the record, none of which support this allegation.

The first citation is from August 7, 2020 when the Plaintiff reported 12 hours of nausea and vomiting from her diabetes. (TR 401) This supports Dr. Kerkemeyer's opinion; it does not negate it. Secondly, on December 10, 2020, Plaintiff returns to the doctor and while it does say her A1C has improved with her insulin pump, the sensor data showed big spikes after meals and low blood sugars before meals and at bedtime which also supports Dr. Kerkemeyer's opinion.

(TR 475) The third citation is to a record from February 2, 2021 which documents even though Plaintiff is on an insulin pump, she has chronic nausea and was experiencing abdominal pain. (TR 463) Thus once again the record support Dr. Kerkemeyer's opinion; it does not support the ALJ or Defendant's position.

Likewise, rejection of treating psychiatrist Dr. Goldman's opinion by the Defendant simply repeats the error of the ALJ when Defendant says Dr. Goldman's opinion is not persuasive because "it was unsupported and inconsistent with the treatment records." (Defendant's brief at page 7) In a truly confusing argument, Defendant attempts to defend the ALJ's decision by saying the Plaintiff's mental status examinations were "generally normal other than a few minor abnormalities such as abnormal appearance and affect, and abnormal insight and judgment." And "the record was not detailed as to what constituted 'abnormal.'" (Id.) In the undersigned counsel's thirty-six years of handling Social Security Disability cases, never has a psychiatrist's records defined what "abnormal" means, nor has an ALJ rejected an opinion on the basis that "abnormal" was not explained.

As discussed in Plaintiff's original Brief, this Court has held that an ALJ "has an independent duty to develop the record, despite the claimant's burden;" further "the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" Williams v. Saul, Case No. 2:19-CV-00088-RLW, slip op at page 19 (E.D.Mo. March 31, 2021) *citing* Stormo v. Barnhart, 377 F. 3d 801,806 (8th Cir. 2004) and Eichelberger v. Barnhart, 390 F. 3d 584, 591 (8th Cir. 2004) Thus the ALJ can either send interrogatories to Dr. Goldman for clarification, or obtain a consulting examination.

Lastly, Defendant defends the ALJ's rejection of Dr. Goldman's opinion about Plaintiff's marked limitations in social interactions was not supported as "Plaintiff interacted well with her

providers at her many office visits." (Defendant's brief at page 7) This Court has held that "doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity." Giffin v. Kijakazi, Case No. 2:20-CV-00069-PLC, slip op at page 20 (E.D.Mo. January 18, 2023) (*citing* Hutsell v. Massanari, 259 F. 3d 707, 712 (8th Cir. 2001) Thus, being able to interact with a trusted doctor for a twenty or thirty minute office visit does equate to being able to function in the workplace for forty hours a week with coworkers or supervisors.

## CONCLUSION

For the foregoing reasons, this case should be reversed and remanded so the ALJ can apply the proper analysis of the opinions of Dr. Goldman and Dr. Kerkemeyer under 404.1520, and determine a proper RFC given the evidence in the whole record including Plaintiff's testimony at the hearing and in her Function Report.

        Respectfully submitted,
        Dempsey, Dempsey & Hilts P.C.
        By:

        s/Vicki A. Dempsey

Vicki A. Dempsey    #32155
Attorney for the Plaintiff
Dempsey, Dempsey & Hilts P.C.
236 North 6th Street
Quincy, Illinois 62301
Phone (217)222-2432 Fax (217)224-3264
Email jeni@ddrm.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
nicholas.llewellyn@usdoj.gov, julie.hurst@usdoj.gov, karen.schroeder@usdoj.gov, peggy.dryden@usdoj.gov, usamoe.civldock@usdoj.gov

s/ Vicki A. Dempsey

Vicki A. Dempsey   #32155
Attorney for the Plaintiff
Dempsey, Dempsey & Hilts P.C.
236 North 6th Street
Quincy, Il. 62301
Phone (217)222-2432   Fax (217)-224-3264
Email jeni@ddrm.net